IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TONYA KAYE HILL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:18-CV-00208-JDL |
| | § | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

On May 14, 2018 Tonya Kaye Hill ("Plaintiff") initiated this civil action pursuant to the 42 U.S.C. § 205(g) for judicial review of the Commissioner's denial of Plaintiff's application for Social Security benefits. (Doc. No. 1.) Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct all proceedings and order the entry of judgment in this case. (Doc. No. 13, at 1–2.) For the reasons stated below, the Court **REVERSES** and **REMANDS** this case to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g).

## BACKGROUND

On July 7, 2015, Plaintiff protectively filed an application for social security benefits, and on July 16, 2015, Plaintiff protectively filed an application for supplemental security income. *See* Transcript ("Tr.") at 103–04, 220–29. The applications alleged a disability beginning October 1, 2014. *Id.* at 222, 224. The claim was initially denied on November 25, 2015, and upon reconsideration on March 10, 2016. *Id.* at 151–56, 160–63. Plaintiff sought review of the denial at an administrative hearing and had a video hearing on February 13, 2017. *Id.* at 35–63. The ALJ issued an unfavorable decision on May 11, 2017. *Id.* at 10–22. Plaintiff sought review, and on March 13, 2018, the Appeals Council denied Plaintiff's request for review. *Id.* at 1–6.

Therefore, the ALJ's decision became the Commissioner's final decision. *See Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). Plaintiff has filed the instant action for review.

## LEGAL STANDARD

Title II provides for federal disability insurance benefits and Title XVI provides for supplemental security income for the disabled. Judicial review of the denial of disability benefits under section 205(g) of the Act, 42 U.S.C. § 405(g), is limited to "determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)); *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991) (per curiam). A finding of no substantial evidence is appropriate only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Accordingly, the Court "may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute [the Court's] judgment for the [Commissioner]'s, even if the evidence preponderates against the [Commissioner]'s decision." *Bowling*, 36 F.3d at 435 (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)); *see Spellman v. Shalala,* 1 F.3d 357, 360 (5th Cir. 1993); *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992); *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985). Rather, conflicts in the evidence are for the Commissioner to decide. *Spellman*, 1 F.3d 357, 360 (5th Cir. 1993) (citing *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)); *Anthony*, 954 F.2d 289, 295 (5th Cir. 1992) (citing *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983)). A decision on the ultimate issue of whether a claimant is disabled, as defined in the Act, rests with the Commissioner. *Newton v. Apfel*, 209 F.3d 448, 455–56 (5th Cir. 2000); SSR 96-5p, 61 Fed. Reg. 34471 (July 2, 1996).

"Substantial evidence is more than a scintilla but less than a preponderance—that is, enough that a reasonable mind would judge it sufficient to support the decision." *Pena v. Astrue*, 271 F. App'x 382, 383 (5th Cir. 2003) (citing *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994)). Substantial evidence includes four factors: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability; and (4) the plaintiff's age, education, and work history. *Fraga v. Bowen*, 810 F.2d 1296, 1302 n.4 (5th Cir. 1987). If supported by substantial evidence, the decision of the Commissioner is conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). However, the Court must do more than "rubber stamp" the ALJ's decision; the Court must "scrutinize the record and take into account whatever fairly detracts from the substantiality of evidence supporting the [Commissioner]'s findings." *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

A claimant for disability has the burden of proving a disability. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). The Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A). A "physical or mental impairment" is an anatomical, physiological, or psychological abnormality which is demonstrable by acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In order to determine whether a claimant is disabled, the Commissioner must utilize a five-step, sequential process. *Villa*, 895 F.2d at 1022. A finding of "disabled" or "not disabled" at any step of the sequential process ends the inquiry. *Id.*; *see Bowling*, 36 F.3d at 435 (citing *Harrell*, 862 F.2d at 475). Under the five-step sequential analysis, the Commissioner must

determine at Step One whether the claimant is currently engaged in substantial gainful activity. At Step Two, the Commissioner must determine whether one or more of the claimant's impairments are severe. At Step Three, the Commissioner must determine whether the claimant has an impairment or combination of impairments that meet or equal one of the listings in Appendix I. Prior to moving to Step Four, the Commissioner must determine the claimant's Residual Functional Capacity ("RFC"), or the most that the claimant can do given his impairments, both severe and non-severe. Then, at Step Four, the Commissioner must determine whether the claimant's impairments are severe enough to prevent him from performing his past relevant work. Finally, at Step Five, the Commissioner must determine whether the claimant can perform other work available in the local or national economy. 20 C.F.R. §§ 404.1520(b)–(f), 416.920(b)-(f). An affirmative answer at Step One or a negative answer at Steps Two, Four, or Five results in a finding of "not disabled." *See Villa*, 895 F.2d at 1022. An affirmative answer at Step Three, or an affirmative answer at Steps Four and Five, creates a presumption of disability. *Id*. The burden of proof is on the claimant for the first four steps, but shifts to the Commissioner at Step Five if the claimant shows that he cannot perform his past relevant work. *Anderson v. Sullivan*, 887 F.2d 630, 632–33 (5th Cir. 1989) (per curiam).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ made the following findings in her May 11, 2017 decision:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.

2. The claimant has not engaged in substantial gainful activity since October 1, 2014, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: plantar fasciitis and bone spurs on the feet; degenerative disc disease of the lumbar spine; chronic obstructive pulmonary disease; hypertension; recurrent edema; obesity;

anxiety disorder; and posttraumatic stress disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she can occasionally climb ramps or stairs. She can never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, and crouch. She can never crawl. Exposure to pulmonary irritants, such as dusts, fumes, odors, and poor ventilation is limited to frequent. She should avoid exposure to hazards such as unprotected heights and unguarded moving machinery. She is limited to performing detailed but not complex tasks in a routine environment, meaning that there are few, if any, workplace changes.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on March 9, 1972 and was 42 years old, which is defined as a younger individual age 18–44, on the alleged disability onset date. The claimant subsequently changed age category to a younger individual age 45–49 (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English. (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82–41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 1, 2014, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. at 12–21.)

The ALJ determined that Plaintiff is not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. *Id*. at 22.

## ANALYSIS

Plaintiff alleges error in the ALJ's determination on three bases: (1) the ALJ failed to properly explain why Plaintiff did not meet or medically equal Listing 1.02; (2) the ALJ's RFC finding is not supported by substantial evidence because the ALJ improperly weighed a consultative examiner's opinion; and (3) the ALJ's mental RFC findings are not supported by substantial evidence because the ALJ did not base her mental RFC findings on any medical opinions. (Doc. No. 15, at 1.) The Commissioner contends that: (1) Plaintiff has not shown a Listed impairment; and (2) the ALJ's RFC finding was proper because the ALJ afforded the consultative examiner proper weight and the ALJ properly considered Plaintiff's mental limitations. (Doc. No. 17, at 4, 7, 10.)

### I.  Establishment of a Listed Impairment 1.02

Plaintiff asserts that the ALJ's determination that Plaintiff's impairments did not meet Listing 1.02 is not supported by substantial evidence because the ALJ failed to properly explain her finding. (Doc. No. 15, at 6–10.) The Commissioner contends that the ALJ's determination is supported by substantial evidence because the ALJ provided an explanation for her determination, and Plaintiff did not meet her burden of providing medical findings that support each of the criteria for Listing 1.02. (Doc. No. 17, at 4–5.)

At Step Three of the sequential disability analysis, the ALJ must determine whether a claimant has an impairment or combination of impairments that meet or equal a listed impairment in Appendix I. 20 C.F.R. § 416.920(d); 20 C.F.R. § Pt. 404, Subpt. P, App. 1 ("Listing"). Further, a Step Three finding requires the ALJ to discuss the evidence offered in

support of a claimant's claim for disability and to explain why she found the claimant not to be disabled. *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). If the ALJ determines that a claimant's impairment meets or equals a listed impairment, then the claimant will be found "disabled without considering age, education, and work experience." 20 C.F.R. §§ 404.1520(d), 416.920(d). Listing 1.02 is for a major dysfunction of joints, due to any cause, and states:

> Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With: (A) Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), *resulting in inability to ambulate effectively*, as defined in 1.00(B)(2)(b); or (B) involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00(B)(2)(c).

20 C.F.R. pt. 404, Subpt. P, App. 1 § 1.02 (emphasis added).

The term "ambulate effectively" is defined in Listing 1.00(B)(2)(b) as follows:

> To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, *the inability to walk without the use of a walker*, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

20 C.F.R. pt. 404, Subpt. P, App. 1 § 1.00(B)(2)(b) (emphasis added).

In her decision, the ALJ stated "[Plaintiff's] feet impairments do not meet Listing 1.02, major dysfunction of a joint because they do not preclude her from ambulating effectively as defined in 1.00(B)(2)(b)." Tr. at 13. Plaintiff asserts that the statement "because they do not

preclude her from ambulating effectively" is the only support that the ALJ provided as an explanation for her determination. (Doc. No. 17, at 7.) Moreover, to show that the ALJ's determination is not supported by substantial evidence, Plaintiff cities to medical evidence that allegedly shows Plaintiff cannot ambulate effectively without using a walker. *Id*. at 8–9 (citing to Tr. at 481, 535, 628). Specifically, Plaintiff points to the opinion of David Okumbor, M.D., who noted that Plaintiff will need a cane or walker to ambulate further than fifteen feet. *Id*. at 8 (citing Tr. at 481). In response, the Commissioner argues that the ALJ's explanation was proper because Plaintiff allegedly failed to provide objective medical evidence proving she cannot ambulate effectively. (Doc. No. 17, at 5.) To support the ALJ's determination, the Commissioner points to medical evidence in the record showing conflicting statements as to whether Plaintiff can ambulate with or without a walker. *Id*. at 6 (citing Tr. at 340, 352–53, 359–61, 368). The Commissioner acknowledges the opinion of Dr. Okumbor but argues there is still substantial evidence supporting the ALJ's determination that Plaintiff did not qualify for Listing 1.02. *Id*. at 6–7.

Turning to Plaintiff's claim that the ALJ failed to properly explain her Listing 1.02 determination, the record reflects that the ALJ only provided the brief notation, "because [Plaintiff's impairments] do not preclude her from ambulating effectively," to support her conclusion. *See* Tr. at 13. The ALJ does not support her Listing 1.02 determination with any citations to any medical evidence in the record. *Id.* Indeed, the record reflects that the ALJ failed to show which evidence she relied on in making her determination. *Id.* Further, the record shows there is conflicting medical evidence regarding whether Plaintiff needs a walker to ambulate effectively. *See id*. at 340, 352–53, 359–61, 368, 481, 535, 628. The ALJ must discuss the

8

evidence in the record and explain why she found that Plaintiff's impairments did not meet Listing 1.02. *See Audler*, 501 F.3d at 448.

Accordingly, the ALJ fails to properly discuss the evidence offered in support of Plaintiff's claim for Listing 1.02, and the ALJ fails to explain why she found Plaintiff did not qualify for Listing 1.02. *See id.* Thus, with respect to Step Three, the ALJ's determination is not supported by substantial evidence in the record.

For these reasons, Plaintiff's substantial rights have been impacted by the ALJ's omissions and the case should be remanded back to the ALJ. Specifically, on remand the ALJ is to consider and discuss the relevant evidence regarding whether Plaintiff meets Listing 1.02 at Step Three.

## II. The ALJ's RFC Findings

Plaintiff alleges the ALJ's RFC finding is not supported by substantial evidence because the ALJ improperly weighed the opinion evidence of Dr. Okumbor. (Doc. No. 15, at 10–13.) Specifically, Plaintiff argues that the ALJ should have (1) afforded more weight to Dr. Okumbor's opinion or (2) provided an explanation for why Dr. Okumbor's opinion was given little weight. *Id*. at 12–13. Plaintiff further alleges that the ALJ's mental RFC finding is not supported by substantial evidence because there is no medical opinion on which the ALJ could have supported her finding. *Id*. at 13–15. The Court has already determined that the ALJ's finding on Listing 1.02 is not supported by substantial evidence. Thus, this case will be remanded for further proceedings and a new Step Three determination. As a result, the Court need not address Plaintiff's RFC arguments at this time.

## CONCLUSION

In light of the foregoing, pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Court **ORDERS** that the ALJ's decision be **REVERSED** and this case be **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

**So ORDERED and SIGNED this 3rd day of July, 2019.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE